UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICKEL McNEIL,

    Petitioner,

v.                                 CAUSE NO. 3:19-CV-1040-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Mickel McNeil, a prisoner without a lawyer, filed a habeas corpus petition challenging a 2018 parole revocation proceeding. The petition is now dismissed without prejudice.

## BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). Mr. McNeil has the burden to rebut this presumption with clear and convincing evidence. *Id.* In 2008, Mr. McNeil was convicted in Lake County of carjacking and robbery, and was sentenced to an aggregate 18-year prison term. *McNeil v. State*, 907 N.E.3d 626 (Table), 2009 WL 1425177, 1 (Ind. Ct. App. July 16, 2009). His conviction was affirmed on direct appeal. *Id.* at 6.

In September 2018, after serving approximately 10 years in prison, he was released on parole (ECF 15-4). The following month, a warrant was issued for his arrest charging him with six separate parole violations, including traveling outside his approved parole district without his parole officer's permission; failing to report police contact he had in

Arkansas; engaging in criminal conduct; and testing positive for controlled substances in a urine drop. On October 21, 2018, he was apprehended by police outside his approved parole district and served with the parole violation warrant. The following day, he waived his right to a preliminary hearing. On December 17, 2018, the Indiana Parole Board held a hearing on the charges, and Mr. McNeil pleaded guilty to two violations: traveling outside his approved parole district and failing to report police contact he had in Arkansas. Based on these violations, his parole was revoked, and he was returned to prison to serve the remainder of his sentence.

In January 2019, he filed a post-conviction petition in state court challenging the parole revocation proceeding (ECF 15-3). He argued that his due process rights had been violated because the parole board did not hold a hearing for 60 days after he was arrested and because he was not given a preliminary hearing. In April 2019, the trial court denied the petition, concluding that Mr. McNeil had been afforded all the due process protections to which he was entitled, and that his parole had been properly revoked based on his admission that he was guilty of two parole violations (ECF 15-4 at 4-7). Mr. McNeil did not file an appeal to the Indiana Court of Appeals or seek review in the Indiana Supreme Court (*see* ECF 15-5).

In November 2019, he filed this petition. Giving the petition liberal construction, he claims that his due process rights were violated in the parole revocation proceeding and that there was no basis to revoke his parole because he had legitimate reasons for traveling outside his parole district. The respondent argues that the petition must be dismissed on procedural grounds. Mr. McNeil was granted until November 16, 2020 to

2

file a traverse in support of his petition. That deadline has passed. He has not filed a traverse or any other document responding to the respondent's arguments.

ANALYSIS

Mr. McNeil's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which allows a district court to issue a writ of habeas corpus on behalf of a state prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, the petitioner must meet the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is "difficult to meet" and "highly deferential." *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In effect, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

3

understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The respondent moves to dismiss the petition on two procedural grounds. First, the respondent argues that this petition is an unauthorized, successive petition within the meaning of 28 U.S.C. § 2244 because Mr. McNeil previously pursued federal habeas relief in the Southern District of Indiana.

The court disagrees. The bar on unauthorized, successive petitions pertains to second-in-time habeas petitions that challenge the same judgment. *See Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020); *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The prior habeas case the respondent points to, *McNeil v. Superintendent*, No. 2:17-CV-136-JMS-MJD (S.D. Ind. closed June 13, 2017), challenged a prison disciplinary proceeding at Wabash Valley Correctional Facility in which Mr. McNeil was found guilty of possessing intoxicants in violation of internal prison rules. That petition did not challenge the 2018 parole revocation decision by the Indiana Parole Board or relate to it any way. Indeed, the earlier habeas case was dismissed before Mr. McNeil was even released on parole.[1] *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (holding that second-in-time petition was not "successive" when it was based on events occurring after the first federal habeas petition was resolved). Under these circumstances, dismissal under 28 U.S.C. § 2244(b)(3)(A) is not warranted.

---

[1] The court's independent search of public court records from both districts also reveals no prior petition by Mr. McNeil challenging the 2018 parole revocation proceeding.

The respondent's second argument is that Mr. McNeil's claims are unexhausted. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund*, 959 F.3d at 832. The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848.

Under Indiana law, individuals may challenge a parole revocation proceeding by filing a post-conviction petition in the state trial court. *See* Ind. Post-Convict. R. 1(1)(a)(5); *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Relief is also available through the state's habeas corpus statute. Ind. Code § 34-2.5.5-1-1. An adverse decision by the trial court is subject to appeal under ordinary procedures applicable to civil judgments.[2] *See* Ind. Post-Convict. R. 1(7). Mr. McNeil filed a post-conviction petition that was denied by the trial court, but he did not present his claims to the Indiana Court of Appeals or the

---

[2] There is also a state procedure for requesting leave to file a belated appeal. *See* Ind. Post-Convict. R. 2; *Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019) (noting that parolee was granted leave to pursue a belated appeal).

Indiana Supreme Court.[3] It is apparent that he has not exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A).

When presented with a petition containing unexhausted claims, the court should consider whether a stay, rather than an outright dismissal, is warranted. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). However, a stay is permitted in only "limited circumstances," because if it were employed too frequently, the purposes of AEDPA would be undermined. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* In other words, a stay "effectively excuses a petitioner's failure to present his claims first to the state courts," and is thus warranted only when the petitioner can establish good cause for his failure to exhaust his claims in state court before seeking federal habeas relief. *Id.*

Here, Mr. McNeil has not specifically requested a stay or even responded to the state's exhaustion argument. He does not offer any reason, let alone a good reason, for failing to present his claims to the state courts before proceeding to federal court. It appears he simply preferred to proceed directly to federal court, but "it would be unseemly in our dual system of government for a federal district court to upset a state

---

[3] In his petition, Mr. McNeil states that he appealed to the Indiana Court of Appeals, but the case number he provides is actually for the trial court case (*see* ECF 1 at 1). Contrary to his assertion, there is no public record of Mr. McNeil having filed an appeal to the Indiana Court of Appeals. He acknowledges in his petition that he did not seek review in the Indiana Supreme Court.

court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at 274 (citation omitted). Therefore, the petition will be dismissed without prejudice.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. McNeil has not exhausted his available state court remedies. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. McNeil to proceed further without first presenting his claims to the state courts. Accordingly, the court declines to issue him a certificate of appealability.

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss (ECF 14), DISMISSES the petition (ECF 1) without prejudice for failure to exhaust available state court remedies, DENIES the petitioner a certificate of appealability, and DIRECTS the clerk to close this case.

SO ORDERED.

December 23, 2020 *s/ Damon R. Leichty*
Judge, United States District Court